758 P.2d 1312

**Samuel L. BRADSHAW and Deborah A. Bradshaw, husband and wife, Plaintiffs–Appellees/Cross–Appellants,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant–Appellant/Cross–Appellee.**

**No. 2 CA–CIV 5821.**

Court of Appeals of Arizona, Division 1, Department B.

Oct. 23, 1986.

Thur, Dawson & O'Sullivan by Steven C. Dawson & Calvin C. Thur, Scottsdale, for plaintiffs-appellees/cross-appellants.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Scott E. Boehm & Ralph E. Hunsaker, Phoenix, for defendant-appellant/cross-appellee.

OPINION

LIVERMORE, Presiding Judge.

Plaintiff, Samuel Bradshaw, a deputy sheriff, was responding to an emergency on the evening of January 27, 1980. He was driving 65 miles per hour on a road near residential areas. The posted speed limit was 45 miles per hour. A car, driven by William Ivie, pulled into the road in front of Bradshaw. In the resulting collision, Ivie was killed and Bradshaw was seriously injured. Bradshaw's attorneys filed a claim with Ivie's insurer, defendant State Farm Mutual Automobile Insurance Company, and an additional claim against Ivie's estate. In its investigation, State Farm discovered a conflict among the eye witnesses as to whether Bradshaw had been utilizing his siren. Concluding that there was evidence that Bradshaw had been negligent, and with the consent of Ivie's widow, State Farm induced the attorney it hired to represent the Ivies to bring a wrongful death suit on behalf of Mrs. Ivie. Bradshaw counterclaimed for his injuries. After Mrs. Ivie's death, that suit was settled by State Farm paying Bradshaw $60,000. Claiming that State Farm had caused the filing of the wrongful death suit solely to gain a tactical advantage in

settling the Bradshaw claim, Bradshaw then sued for malicious prosecution. State Farm appeals from a jury award of $40,000 compensatory damages and $2,000,000 (later remitted to $1,000,000) punitive damages. We reverse.

In order to prevail on a malicious prosecution claim, plaintiff must establish that the preceding action was brought without probable cause. As put by Restatement (Second) of Torts § 675 (1977) "one ... has probable cause if he reasonably believes in the existence of the facts upon which the claim is based, and ... that under those facts the claim may be valid under the applicable law...." Whether probable cause exists is a matter of law for the court, *Bird v. Rothman*, 128 Ariz. 599, 627 P.2d 1097 (App.1981), and we need not, therefore, defer to the trial court's findings.

Applying these principles to the facts in this action, we can determine as a matter of law that probable cause for the wrongful death action existed. Two eye witnesses said that Bradshaw did not have his siren on. Driving at high speed near residential areas without a siren could reasonably be found to be negligent. It would also arguably be in violation of A.R.S. § 28–624 and thus negligent. This evidence would defeat an adverse summary judgment motion because it raises a jury question and thus must be sufficient to constitute probable cause.

Bradshaw argues, however, that the probable cause available to Mrs. Ivie cannot be asserted by State Farm when pursuing its own interest of minimizing Bradshaw's personal injury recovery. We disagree. The lawyer retained by State Farm to represent Mrs. Ivie owed his primary allegiance to the Ivies. *Parsons v. Continental National American Group*, 113 Ariz. 223, 550 P.2d 94 (1976). To be sure, he was not obligated by the terms of the insurance policy to present affirmative claims on behalf of the insured. Nothing, however, disempowered him from doing so with the consent of his client. That bringing such an action aided State Farm in compromising Bradshaw's damage claim is immaterial. It also, of course, eliminated any risk to the Ivie estate. Beyond this, we do not understand the law to be that lawyering tactics available to the insured are somehow unavailable to the insurer. It is not the obligation of the insurer supinely to forego normal lawyering practices, thus increasing its risk and the potential excess risk to the insured, simply because those practices are also advantageous to it.[1]

The judgment is reversed.

BIRDSALL and LACAGNINA, JJ., concur.

---

1. In view of our disposition of this case, we need not reach the other issues raised by State Farm. We note that the punitive damage award cannot be justified under *Rawlings v. Apodaca*, 151 Ariz. 149, 726 P.2d 565 (1986), and *Linthicum v. Nationwide Life Ins. Co.*, 150 Ariz. 326, 723 P.2d 675 (1986). With respect to the Bradshaws' cross-appeal from the ruling of the trial court granting a directed verdict against them on their abuse of process claim, our discussion above answers their argument. Seeking an advantage in litigation over a single incident by filing a complaint or counterclaim is not misuse of process. See *Bird v. Rothman*, supra; W. Prosser & W. Keeton, Torts § 121 (5th ed. 1984).